POSTED ON WEB SITE

FILED

APR 2 2 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re<br><br>Waterman Industries, Inc.,<br><br>      Debtor.<br>_____<br><br>Wells Fargo Bank, N.A.,<br><br>      Plaintiff,<br>  v.<br><br>Waterman Industries, Inc., AACO Cast Products, Inc., Alhambra Foundry Company, Ltd., Commercial Casting Co., Commercial Enameling Co. Covert Iron Works, Globe Iron Foundry, Inc., Kearneys' Metals, Inc., Lufkin Industries, Inc., Mabry Casting, Ltd., Oil City Iron Works, Inc.,<br><br>      Defendants. | Case No. 04-11065-B-11<br><br><br><br><br><br>Adversary Proc. No. 04-1075<br><br>DC No. RBK-2 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING WELLS FARGO BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT AND OIL CITY IRON WORKS, INC.'S CROSS-MOTION FOR SUMMARY JUDGMENT**

      Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion for Summary Judgment and Oil City Iron Works, Inc.'s ("Oil City") Cross-Motion For Summary Judgment came on for hearing before the undersigned on December 15, 2004.

      Robert B. Kaplan, Esq. of Jeffer, Mangels, Butler and Marmaro, LLP appeared on behalf of Wells Fargo. Thomas H. Armstrong, Esq. appeared on behalf of Oil City. By agreement between counsel for the respective parties, Oil City's Opposition to Wells Fargo's Motion was deemed to be Oil City's Cross-Motion for Summary Judgment on the issue regarding the relative priority of the parties' competing liens.

      This document sets forth the court's findings of fact and conclusions of law as required by Federal Rule of Civil Procedure 52(a) (made applicable to this adversary

proceeding by Federal Rule of Bankruptcy Procedure 7052). It supplements the court's findings of fact and conclusions of law and analysis as stated orally on the record at the hearing. There are no triable issues as to the following material facts. Based on these facts, Oil City is entitled to judgment as a matter of law on Wells Fargo's complaint for declaratory relief regarding the relative priority of the parties' competing liens.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. This is an adversary proceeding for declaratory relief regarding the relative priority of competing liens against property of the bankruptcy estate. The court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

2. Wells Fargo is a secured creditor of the debtor, Waterman Industries, Inc. ("Waterman").

3. Waterman executed a Credit Agreement dated December 20, 2000, which granted to Wells Fargo a security interest in, *inter alia*, all of Waterman's equipment.

4. Wells Fargo properly perfected its security interest.

5. Wells Fargo has filed a proof of secured claim in this case in the amount of $10,389,447.03.

6. Wells Fargo's collateral includes certain die casts and molds owned by Waterman and used by Waterman's foundry vendors to produce rough castings for use in Waterman's production process ("Foundry Patterns").

7. Oil City is one of Waterman's foundry vendors.

8. Oil City contracted with Waterman to perform foundry work, *i.e.*, to produce castings for use in Waterman's production process for which Oil City has not been paid.

9. Oil City is lawfully in possession of 290 Foundry Patterns delivered by Waterman to Oil City in October 2002.

10. At the request of Waterman, Oil City also altered, repaired and improved the Foundry Patterns, for which Oil City has not been paid.

11. Oil City filed a proof of secured claim in this case in the amount of $210,128.14.

12. Oil City holds a valid possessory lien against the Foundry Patterns in its possession, and has the right to retain possession of those Foundry Patterns to secure payment for the foundry work and services it provided to Waterman, pursuant to California Civil Code §3051 which states in pertinent part:

> Every person who, while lawfully in possession of an article of personal property, renders any service to the owner thereof, by labor or skill, employed for the protection, improvement, safekeeping, or carriage thereof, has a special lien thereon, dependent on possession, for the compensation, if any, which is due to him from the owner for such service; a person who makes, alters, or repairs any article of personal property, at the request of the owner, or legal possessor of the property, has a lien on the same for his reasonable charges for the balance due for such work done and materials furnished, and may retain possession of the same until the charges are paid; and foundry proprietors and persons conducting a foundry business, have a lien, dependent on possession, upon all patterns in their hands belonging to a customer, for the balance due them from such customers for foundry work; . . .
>
> This section shall have no application to . . . any vehicle, as defined in Section 670 of the Vehicle Code, which is subject to registration pursuant to that code . . . .

13. Wells Fargo's contractual lien against the Foundry Patterns is prior in time to Oil City's possessory lien.

14. However, pursuant to California Commercial Code section 9333(b), Oil City's possessory lien on the Foundry Patterns has priority over Wells Fargo's contractual lien.

15. California Civil Code §3051a limits the possessory lien which Oil City can claim against the Foundry Patterns under §3051 to the amount of $300 if Oil City was required to, but failed to give "actual notice in writing either by personal service or by registered letter addressed to the holder of legal title" to the Foundry Patterns. Such notice was required only if Oil City performed the work for which it claims a lien under §

3051 "at the request of any person other than the holder of legal title." If such notice was required and not given, Oil City's possessory lien in excess of $300 is invalid vis-a-vis the rights of the "holder of legal title."

16. Oil City did not give actual notice in writing to Wells Fargo, as defined in § 3051a, prior to performing the foundry work and services requested by Waterman.

17. The issue presented for resolution in this adversary proceeding is whether Wells Fargo was the "holder of legal title" to the Foundry Patterns and was entitled to receive notice from Oil City pursuant to § 3051a.

18. As a general rule, a mortgagee holds no title to property in which it holds a security interest. *Hillard v. Bank of America National Trust and Savings Association*, 102 Cal.App. 2d 730, 732 (1951); *Timm Aircraft Corporation v. Byram*, 34 Cal. 2d 632, 637 (1950); *Pacific Finance Corporation v. Hendley*, 119 Cal.App. 697, 703-704 (1932); *Jolly v. Thornton*, 40 Cal.App. 2d 819-821 (1940); *Diggs v. PG&E*, 57 Cal.App. 57, 63 (1922).

19. Waterman was at all times the "holder of legal title" to the Foundry Patterns in Oil City's possession, within the meaning of Cal.Civil Code § 3051a.

20. Oil City performed the work for which it claims a lien under § 3051 at the request of Waterman.

21. Therefore, Oil City was not required to give notice to Wells Fargo as defined in § 3051a.

22. The decisions of *Hessel v. Pickwick Stages System, Inc.*, 100 Cal.App.2d 682 (1929) and *Pacific States Finance Corp. v. Freitas*, 113 Cal.Supp. 757, 295 P.2d 804 (1931) offered to support Well Fargo's contention that it was the "holder of legal title" to the Foundry Patterns are inapposite, in that these decisions apply to possessory liens for work performed on motor vehicles. By its own terms, § 3051 and ergo § 3051a, do not apply to motor vehicles.

23. Oil City is entitled to judgment as a matter of law against Wells Fargo in the above-entitled adversary proceeding with regard to the relative priority of the parties' liens.

24. Oil City's lien on the Foundry Patterns in its possession has priority over Wells Fargo's contractual lien against the same Foundry Patterns and is not limited to the amount of $300 pursuant to the provisions of Cal. Civil Code §3051a.

25. Oil City prays for an order valuing the Foundry Patterns in its possession, and thereby valuing its secured claim in this chapter 11 proceeding. Such relief is not necessary for resolution of the lien priority dispute with Wells Fargo. Valuation of the Foundry patterns is not properly before this court and will be denied without prejudice to a subsequent determination under 11 U.S.C. § 506(a), if necessary.

26. Oil City is entitled to an award of its costs as against Wells Fargo.

Dated: April 22, 2005

W. Richard Lee
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

See Attached

DATED: 4-25-05         By: Barbara Mooradian
                            Deputy Clerk

EDC 3-070 (New 4/21/00)

Mabry Castings
6531 Industrial Rd
Beaumont, TX 77705

Mabry Castings
18 Mystic Ln
Malvern, PA 19355

Kearneys' Metals, Inc.
4731 E Vine Ave
Fresno, CA 93725

Mabry Castings
558 Foundry St
South Easton, MA 2375-1322

Lufkin Industries, Inc.
818 W 7th St
Los Angeles, CA 90017

Kearneys' Metals, Inc.
PO Box 2926
Fresno, CA 93745-2926

Globe Iron Foundry, Inc.
5649 E Randolph St
Los Angeles, CA 90040

Covert Iron Works
7821 Otis
Huntington Park, CA 90255

Commercial Enameling Co.
6200 S Alameda St
Huntington Park, CA 90255

Commercial Casting Co.
14933 Whittram Ave
Fontana, CA 92335

Alhambra Foundry Company
1147 Meridian
Alhambra, CA 91803

AACCO Cast Products, Inc.
401 N AACCO Trails
Benson, AZ 85602

Waterman Industries, Inc.
PO BOX 458
EXETER, CA 93221

Robert Kaplan
2 Embarcadero Center 5th Fl
San Francisco, CA 94111-3824

Riley Walter
7110 N Fresno St #400
Fresno, CA 93720

William Funderburk
520 S Grand Ave #390
Los Angeles, CA 90071

Thomas Armstrong
5250 N Palm Ave #224
Fresno, CA 93704

Gregory Powell
7110 N Fresno St #400
Fresno, CA 93720

Oil City Iron Works, Inc.

c/o Frank Murchison
500 W 3rd Ave #7
Corsicana, TX 75110

Wells Fargo Bank

c/o Julie Tuan
2 Embarcadero Center 5th Floor
San Francisco, CA 94111-3824

Office of the US Trustee
1130 O St, Room 1110
Fresno, CA 93721

1.